EVENING JOURNAL ASSOCIATION, PLAINTIFF IN ERROR, v. ALLAN L. McDERMOTT, DEFENDANT IN ERROR.

1.  An action for libel can be maintained against a corporation.

2.  Previous or subsequent publications are admissible in evidence for the purpose of showing the temper of the defendant's mind in the publication complained of, and it makes no difference that such publication is one, by reason of the bar of the statute of limitations, upon which no action can be maintained.

3.  If the previous or subsequent publication be a privileged one, it will be no evidence of malice, and consequently will have no weight whatever.

In error to the Supreme Court.

For the plaintiff in error, *G. Collins.*

*A. L. McDermott, in pro. pers.*

The opinion of the court was delivered by

THE CHANCELLOR. This is an action for libel, brought by Allan L. McDermott against the Evening Journal Association, a corporation. The libel complained of was published in the newspaper published by the defendant. The judgment was for the plaintiff. On the trial the judge admitted in evidence, on the part of the plaintiff, a previous article published in the defendant's paper, unfavorably criticising the plaintiff's appointment to a public office. Under the writ of error two questions are presented. *First,* whether the action can be maintained against the defendant in view of the fact that it is a corporation; and, *second,* whether the admission of the article just mentioned was legal. These questions were both correctly decided in the affirmative by the court below. Not only does common sense scout the proposition that while a natural person is liable for damages for libel, an artificial one, composed of several natural persons, is not, but has legal license and immunity to libel as and whom it will; but it is a familiar principle that a corporation is liable for the tortious acts of its servants.

As to the admissibility of the previous publication. It is laid down in *Pearson* v. *Lemaitre,* 5 *M. & G.* 700, as the correct rule, that either party may, with a view to the damages, give evidence to prove or disprove the existence of a malicious motive in the mind of the publisher of defamatory matter ; but if the evidence given for that purpose establishes another cause of action, the jury should be cautioned against giving any damages in respect of it; and if such evidence is offered merely for the purpose of obtaining damages for such injury, it should be rejected. In *Rustell* v. *Macquister,* 1 *Campb.* 49, (n) Lord Ellenborough said : " You may give in evidence

any words, as well as any act of the defendant, to show *quo animo* he spoke the words which are the subject of the action ; still it would be the duty of the judge to tell the jury that they must give damages only for the words which are the subject of the action." In *Barrett* v. *Long,* 3 *H. of L. Cas.* 395, in an action for libel where there was a plea under the statute of 6 and 7 *Vict.,* c. .96, denying actual malice, and stating the publication of an apology set forth in the plea, it was held that it was admissible on the trial for the plaintiff to give evidence of other publications by the defendant (some of them more than six years before the publication complained of), of and concerning the plaintiff, in order to prove malice. The court said : " We are all of opinion that under such a plea the publication of previous libels on the plaintiff by the defendant, is admissible evidence to show that the defendant wrote the libel in question with actual malice against the plaintiff. A long practice of libeling the plaintiff may show, in the most satisfactory manner, that the defendant was actuated by malice in the particular publication, and that it did not take place through carelessness or inadvertence, and the more the evidence approaches to the proof of a systematic practice the more convincing it is. The circumstance that the other libels are more or less frequent, or more or less remote from the time of the publication of that in question, merely affects the weight, not the admissibility of the evidence." The reason of the rule is satisfactory. The previous or subsequent publications are admitted merely for the purpose of showing the temper of the defendant's mind in the publication complained of, and it therefore makes no difference that the previous or subsequent publication is one on which, by reason of the bar of the statute of limitations, no action can be maintained, for no damages are sought or recoverable upon it. If, as in this case, the previous or subsequent publication be a privileged one, it will be no evidence of malice, and consequently will have no weight whatever.

The judgment of the Supreme Court should be affirmed.

DIXON, J., (dissenting.) In actions for libel and slander, the only object of proving other publications than those complained of in the declaration, is to show express malice, in order that the plaintiff may recover punitive damages. The claim for such damages in civil suits is abnormal and irrational at best, and, if dealt with on principle, should be denied. Under these circumstances, it, with its incidents, should be confined within the narrowest limits consistent with authoritative decisions. The only case on this subject in our reports is *Schenck* v. *Schenck, Spenc.* 208, where the rule laid down is, that words or libels, actionable in themselves, spoken or published at other times and in relation to other matters, cannot be given in evidence for the purpose of increasing damages. The bounds of this rule were over-passed in the trial of the cause before us, and for this reason the judgment below should be reversed.

*For affirmance*—THE CHANCELLOR, DEPUE, PARKER, VAN SYCKEL, CLEMENT, COLE, KIRK, PATERSON, WHITAKER. 9.

*For reversal*—DIXON, MAGIE, GREEN. 3.